*641
SUMMARY ORDER

Ai Yue Chen, a native and citizen of the People’s Republic of China, seeks review of a June 10, 2008 order of the BIA affirming the July 18, 2006, decision of Immigration Judge (“IJ”) Sandy K. Horn denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Ai Yue Chen, No. A98 358 504 (B.I.A. June 10, 2008), aff'g No. A98 358 504 (Immig. Ct. N.Y. City July 18, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA affirms the IJ’s decision in some respects but it is unclear whether it adopted the IJ’s credibility determination, we review both decisions and assume without deciding that the petitioner’s testimony is credible. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005) (assuming, without deciding, petitioner’s credibility where the BIA had also assumed such credibility). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
We conclude that the agency reasonably determined that Chen failed to establish that she suffered past persecution on account of her underground church activities. In support of her claim, Chen described an incident where security officers at her workplace detained her for nine hours and slapped her because she engaged in Christian activities at work. While Chen, citing Beskovic v. Gonzales, 467 F.3d 223, 226 (2d Cir.2006), conclusorily argues that the treatment that she suffered constituted persecution because she was beaten on the basis of a protected ground she fails to demonstrate any error in the agency’s reasoning. As the Government points out, the agency did not ignore the context of Chen’s detention; rather, both the IJ and the BIA observed that Chen was detained for nine hours by security officers at work, and not by the government. Additionally, the BIA noted that Chen did not suffer permanent injuries. Without adducing any detail to demonstrate that the treatment she allegedly experienced transcended mere harassment to rise to the level of persecution, Chen’s argument cannot prevail. See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (finding that in order to constitute persecution, the harm alleged must be sufficiently severe and rise above “mere harassment”).
We further find that the agency reasonably concluded that Chen failed to establish a well-founded fear of persecution. Although Chen alleges that she is a practicing Christian in the United States, and that the Chinese government “is still looking for her,” Chen provided no witnesses or statements from people who attend her church in the United States and proffered no evidence to demonstrate what kind of treatment she would face if she were arrested in China, or to show that such treatment would be sufficiently severe to constitute persecution. See id. Significantly, Chen does not cite to any evidence in the record indicating that Christians are arrested, much less persecuted, upon return to China. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). Thus, her argument fails.
Chen’s failure to show the objective likelihood of persecution needed to make out an asylum claim necessarily precludes her from meeting the higher standard required to succeed on her claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Moreover, Chen *642 has waived her illegal departure claim by failing to raise it in her brief to this Court. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for. a stay of removal in this petition is DENIED as moot.